UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROSE JAZMINE QUILES<br>*Plaintiff*<br><br>-vs-<br>COMMISSIONER OF SOCIAL SECURITY,<br>*Defendant* | CV 22-CV-1200-XR |

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

On this date, the Court considered the Report and Recommendations ("R&R") of Magistrate Judge Elizabeth S. Chestney (ECF No. 13). After careful consideration, the Court issues the following order.

**I.    BACKGROUND**

This case is the second appeal from administrative proceedings before the Social Security Administration. Plaintiff originally filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on September 28, 2018. (Tr. 234–42, 244–45, 246–49, 845). After the Commissioner denied her applications at the initial and reconsideration levels (Tr. 102, 103, 136, 137), Plaintiff and a vocational expert appeared and testified before Administrative Law Judge (ALJ) Charles Brower on December 12, 2019, (Tr. 31–77). On February 4, 2020, ALJ Brower issued an unfavorable decision, finding that Plaintiff was not disabled because she could perform her past relevant work as a case manager. (Tr. 17–24). The Appeals Council denied a request for review without substantive explanation on August 13, 2020. (Tr. 6–8.) Plaintiff then filed a complaint seeking judicial review of the administrative denial of her claim for benefits. *See Quiles v. Saul*, 5:20-cv-1121-JKP-RBF.

In Plaintiff's first federal case, the Commissioner filed an unopposed motion to remand. On August 11, 2021, Judge Pulliam granted the motion to remand and remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Tr. 972–73.) The Appeals Council thereafter remanded Plaintiff's case for further evaluation of her subjective symptoms and of her ability to perform her past relevant work. (Tr. 980–81, 982–84).

On March 9, 2022, Plaintiff and a vocational expert again appeared and testified before ALJ Brower. (Tr. 891–941.) At the administrative hearing, ALJ Brower indicated that he believed Plaintiff was entitled to disability benefits but that he was not sure of an onset date. (Tr. 935.) ALJ Brower scheduled a supplemental hearing to address the onset date. (Tr. 935–38.) Through counsel, Plaintiff requested testimony from a medical expert, and on April 6, 2022, the ALJ held a supplemental hearing. (Tr. 942–68, 1163.) ALJ Brower denied Plaintiff's request for a medical expert, and the hearing ended without the parties being able to agree upon an established onset date for disability. (Tr. 942–68.) On June 2, 2022, ALJ Brower issued a partially favorable decision, finding that Plaintiff was disabled as of October 15, 2019. (Tr. 845– 60.) The Appeals Council denied Plaintiff's request for review on September 12, 2022. (Tr. 832–35.) Plaintiff filed this civil action on November 3, 2022. The case was referred to Magistrate Judge Chestney for disposition pursuant to pursuant to 28 U.S.C. § 636(b), Rule 1(h) of Appendix C to the Local Rules, and the Docket Management Order of Cases Seeking Judicial Review of Social Security Decisions entered on October 8, 2019, in the San Antonio Division of the Western District of Texas, which refers actions to review the final decision of the Commissioner of Social Security to magistrate judges for a report and recommendation.

The Commissioner responded to the Complaint and filed a certified copy of the administrative record. The Court thereafter ordered the parties to file their respective merits briefs

on the issues raised in the appeal. Plaintiff filed her brief on March 12, 2023, and raised several points of error, including that ALJ Brower had no medical basis to determine the disability onset date of October 15, 2019. Plaintiff requested that the case be remanded for additional administrative proceedings. In response, the Commissioner filed a motion to remand.

### A. Motion to Remand

In its motion to remand, the Commissioner agreed that additional administrative proceedings were warranted and asked the Court to remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff responded, indicating that she agreed that the case should be remanded but objecting to the motion insofar as it requested remand without a new hearing before a new ALJ.

Plaintiff argued that the factual and legal issues in this case must be determined de novo on remand, and the only way to ensure the proceedings are truly reviewed de novo is to order a new hearing. Plaintiff further argued that additional factual development, such as medical expert input, was necessary to address whether the ALJ erred in determining Plaintiff's disability onset date. Finally, Plaintiff argued that a new ALJ was required to make this determination on remand because ALJ Brower failed to properly adjudicate this case on two prior occasions. *See* HALLEX I-3-7-40 ("When remanding a case for the second time, if the same ALJ issued both previous decisions, the AC will direct that the case be assigned to a different ALJ."). Because the case will be assigned a new ALJ, Plaintiff argued that a new hearing is required for the new ALJ to accurately assess the evidence, particularly the credibility of Plaintiff's subjective complaints.

### B. Report and Recommendation

The Magistrate Judge concluded that the case should be remanded for future administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF No. 13. In doing so, the

Magistrate Judge found that a new hearing was likely necessary "in light of the HALLEX directive that a new ALJ will be adjudicating Plaintiff's claims on remand and the likelihood of additional medical testimony to reach a determination on Plaintiff's disability onset date." *Id*. The Magistrate Judge refrained, however, from "specifying all the steps necessary to further develop the administrative record and issue a new decision, which may include obtaining an additional consultative medical opinion and a new and/or additional supplemental hearing," and instead recommended that "the Court [] defer to the Commissioner's judgment on whether a new hearing [was necessary] or what other further administrative proceedings are required."

Accordingly, the Magistrate Judge recommended that this Court grant the Commissioner's motion to remand, and that the Appeals Council direct the new administrative law judge to "take any steps necessary to develop the administrative record, such as providing the claimant an opportunity for a new hearing, and issue a new decision." *Id*.

## II.     DISCUSSION

### A. Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear

error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

### B. Analysis

Because neither party has objected to the Magistrate Judge's findings regarding remand, this Court will review the Magistrate Judge's determinations for clear error. This Court has reviewed the Magistrate Judge's Report and Recommendation finding that remand is necessary. This Court finds this determination to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### III. CONCLUSION

The Magistrate Judge's Report and Recommendation is **ADOPTED**. This case is **REMANDED** to the Appeals Council for future proceedings, including appointing a new administrative law judge.

It is so **ORDERED**.

**SIGNED** this 8th day of June, 2023.

_____
Xavier Rodriguez
United States District Judge